CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



March 25, 2020

Stephen F. Shea, Esq.
Elkin and Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Cassia W. Parson, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd, Rm 617
Baltimore, MD 21235-6401

Subject: *Kimberly B. o/b/o J.W. v. Saul*[1]
Civil No.: 8:19-cv-00194-GLS

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 12, 13). The Court must uphold the Social Security Administration ("SSA")'s decision if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule ("L.R.") 105.6. For the reasons set forth below, both Motions are **DENIED** and the SSA's judgment is **REMANDED** for further consideration.

I. **BACKGROUND**

Plaintiff Kimberly B. applied for Children's Supplemental Security Income ("SSI") on behalf of J.W. (the claimant) on April 1, 2011, alleging that the claimant's disability began July 18, 2007. (Tr. 46). This claim was initially denied on March 9, 2016, and upon reconsideration, denied again on July 13, 2016. (*Id.*). Plaintiff's request for a hearing was granted, and the hearing was conducted on May 11, 2017 by an Administrative Law Judge ("ALJ"). (*Id.*). Plaintiff requested a supplemental hearing, which was held on October 12, 2017. (Tr. 50). On November 20, 2017, the ALJ found that the claimant was not disabled. On November 25, 2018, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1-5).

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

**II.    ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual under the age of 18 is deemed to have a disability "if he or she has a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations." 42 U.S.C. § 416.906. To determine whether a child has a disability, the ALJ engages in the three-step sequential evaluation process set forth in 20 C.F.R. § 416.924. The steps used by the ALJ are as follows: step one, assesses whether the child had engaged in substantial gainful activity since the alleged disability onset date; (§416.924(b)); step two, determine whether a claimant's impairments meet the severity requirements found in the regulations; (§416.924(c)); step three, if it is determined that the child has a severe impairment, then the ALJ must decide whether the impairment or combination of impairments meets, medically equals, or is functionally equal to an impairment listed in 20 C.F.R. Part 404, Subpart, Appendix 1 (the "listings"). *See* §416.924(d).

If a child's impairment neither meets nor medically equals a listing, then an ALJ, at step three, uses the "whole child" approach. SSR 09-1p, 2009 WL 396031. The "whole child" approach means that an ALJ compares the claimant's daily activities to those of children of the same age who do not have impairments. *Id*. The ALJ uses the following six domains of functioning to assess the child's capacity to perform or not perform activities: Is the child: "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [himself]; and (6) [enjoying good] health and[maintaining] physical well-being." 20 C.F.R. § 416.926a(b)(1). In order for a child's impairment to functionally equal the listings, it must be found that the child has "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(2). An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. §416.926a(e)(3).

In this case, at step one the ALJ found that the claimant did not engage in substantial gainful activity because he is nine years old and did not work. (Tr.53). At step two, the ALJ found that the claimant had the following severe impairments: attention deficit and hyperactivity disorder, generalized anxiety disorder, and post-trauma syndrome. (Tr.53). The ALJ further found at step three that the claimant did not have an impairment that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 54). When determining whether the claimant's impairments were functionally equivalent to a listed impairment, the ALJ found that the claimant had a marked limitation in the domain of "caring for yourself." (Tr. 63-64). The ALJ did not find the claimant to have a marked limitation or extreme limitation in any other domain. (Tr. 59-65). Therefore, the ALJ did not find the claimant disabled. (*Id.*).

## III.   DISCUSSION

Plaintiff asserts that the ALJ erred by: (a) failing to adequately develop the record by not gathering some of claimant's psychiatric records; and (b) failing to evaluate Plaintiff's complaints regarding claimant's mental impairment. (ECF No. 12-1, pp. 3-8). Specifically, Plaintiff maintains that the record is incomplete because the ALJ failed to obtain medical evidence for the period of June 15, 2016 to November 2017 from the treating psychiatrist, Fauzia Syed, M.D, before the supplemental hearing. Plaintiff argues that had the ALJ done this, then the ALJ would have sufficient evidence to find that claimant was disabled. (*Id*. at 4). Plaintiff also alleges that the ALJ failed to properly evaluate the evidence concerning "Plaintiff's credibility." (*Id*. at 5). Defendant argues that the evidence in the record is fully developed because it included "extensive" school records and medical records; therefore, the ALJ had substantial evidence to support her decision. (ECF No. 13-1, pp. 8-9). Defendant also claims that Plaintiff's second argument lacks merit. (*Id*. at 9). For the reasons explained below, I agree with the Plaintiff.[2]

Plaintiff argues that the ALJ failed to explain which statements made by Plaintiff related to the claimant's behavioral issues were credible or incredible. (ECF No. 12-1, pp. 7-8). Plaintiff relies on *Hines v. Barnhart*, 453 F.3d 559 (4th Cir.2006) to advance her argument. Defendant argues that the ALJ relied on substantial evidence and thoroughly detailed her explanation throughout her step three analysis to find that claimant was not disabled.

In *Hines*, the ALJ failed to credit the plaintiff's statements about her pain because there was no objective evidence included in the medical records related to that pain. *Hines*, *supra*, at 563. The court held that the ALJ could not require objective evidence to prove the intensity, persistence, and limiting effects of plaintiff's symptoms of pain. Instead, the ALJ was required to "evaluate the effect of pain on a claimant's ability to function," i.e. engage in a subjective analysis. *Id*. at 563.

*Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), is instructive here. In *Lewis*, the court cited to 20 C.F.R. §§404.1529(c)(2), 416.929(c)(2), which provide that an ALJ "will not reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [her] statements." 858 F.3d at 866. The *Lewis* court opined that remand was appropriate because the ALJ's decision lacked any explanation of which statements made by Lewis "undercut her subjective evidence of pain intensity." *Lewis, supra*, at 866.

*Brown v. Commissioner*, 873 F.3d 251 (4th Cir. 2017), is also instructive. In *Brown*, the Fourth Circuit cited to 20 C.F.R. § 404.1529(c)(4), which provides that the ALJ should consider whether there are conflicts between a plaintiff's statements about how his symptoms affect him, and the rest of the evidence. *Brown*, 873 F.3d at 269. The Fourth Circuit further held that regarding assessments of the credibility of a plaintiff's statements, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion that [the plaintiff's] testimony was not credible."

---

[2] This Court will address Plaintiff's second argument related to subjective complaints first.

*Brown, supra*, at 269 (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). The *Brown* court found that the ALJ failed to build that bridge, and thus remand was warranted. *Id*.

In sum, the holdings in *Hines, Lewis,* and *Brown* are applicable to the instant case. Although the subjective complaints made in each of these cases slightly differ from the complaints made in the instant case, the rationale remains the same.

During the initial hearing on May 11, 2017[3], and during the supplemental hearing on October 12, 2017, Plaintiff testified about her complaints regarding claimant's behavior. (Tr. 70-127).[4] For example, Plaintiff testified that she was frustrated with the claimant's behavior because he tended to lash out for very little reason. (Tr. 85). Plaintiff also explained that the claimant's medication was only effective for half of the day, and that claimant was difficult when she was getting him ready for school because the medication had not "hit him" yet; however, during the weekend she rarely has any issues with claimant's behavior. (Tr. 86). In addition, Plaintiff testified that the medication assisted claimant to stay on task while doing homework; however, even with the medication the claimant had good days and bad days. (Tr. 89). At the supplemental hearing on October 12, 2017, Plaintiff disputed the questionnaire submitted by Ms. King (claimant's second grade teacher). (Tr. 107-127). The majority of the supplemental hearing pertained to administrative issues not relevant to the ALJ's determination; however, Plaintiff made several complaints. (Tr. 109-127). Plaintiff's primary complaint at that hearing was that the teacher made statements about the claimant's good behavior, which Plaintiff believed "d[id] not outweigh the negative behavior." (Tr. 112). In addition, Plaintiff believed that the questionnaire completed by Ms. King was not an accurate reflection of the claimant's behavior. (Tr. 109-127).

Upon reviewing the transcripts of both hearings and the ALJ's opinion, I find that the ALJ failed to explain which of Plaintiff's statements she found to be credible, and which she found to be incredible. Although the ALJ found that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not generally supported by the medical evidence," I am unable to discern which of the Plaintiff's statements were supported or were not supported by the medical evidence. (Tr. 57). As previously stated, the Plaintiff made at least twenty statements complaining about claimant's behavior. Similar to what occurred in *Brown v. Commissioner*, several of those statements conflicted with the rest of the evidence such as the questionnaires completed by the claimant's teachers, treatment notes from claimant's psychiatrist. In her finding, the ALJ mentioned a few of the statements the Plaintiff made; however, she failed to discuss whether she found those statements to be credible or incredible. Plaintiff is not required to provide objective evidence to corroborate the intensity, persistence and limiting effects of the claimant's behavior. *Hines*, *supra*, at 563. Instead, it is the ALJ's duty to consider **all** of the evidence including Plaintiff's statements and provide a logical bridge between the evidence and her findings. *Id.*; *See also Brown v. Commissioner*, 873 F.3d 251,269 (4th Cir. 2017)(emphasis added). The Court finds

---

[3] At the initial hearing, the ALJ explained to the Plaintiff that she had a right to representation. (Tr. 72). Plaintiff had the option to either postpone the hearing or to waive her right to representation. (Tr. 73). Plaintiff chose the latter and signed a waiver of representation form. (Tr. 73). I do not find that these facts alter my conclusion above.

[4] Plaintiff made at least twenty statements related to claimant's behavioral issues.

*Kimberly B. v. Saul*
GLS-19-00194
March 25, 2020

that the ALJ failed to adequately explain how and why she discredited Plaintiff's subjective complaints. Accordingly, remand is warranted.

Because the case is being remanded on other grounds, I need not address Plaintiff's remaining arguments. However, on remand, the ALJ should consider whether the record is complete and includes all relevant and probative evidence necessary to make a "whole child" determination regarding functional equivalence.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 12), is **DENIED** and Defendant's Motion for Summary Judgment, (ECF No. 13), is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further analysis consistent with this opinion. The clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge